Approved: _____
CHRISTY SLAVIK/KIERSTEN A. FLETCHER
Assistant United States Attorneys

Before:   HONORABLE KEVIN NATHANIEL FOX
          United States Magistrate Judge
          Southern District of New York

------------------------------- x   **20 MAG 5235**

UNITED STATES OF AMERICA          :   **COMPLAINT**

    - v. -                        :   Violation of
                                      18 U.S.C. §§ 922(g)(5),
SOULEYMANE BALDE,                 :   924(a)(2), and 2

               Defendant.   :   COUNTY OF OFFENSE:
                                      BRONX

------------------------------- x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    JAMA JOSEPH, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

## COUNT ONE
(Unlawful Alien in Possession)

    1.   On or about December 14, 2015, in the Southern District of New York, SOULEYMANE BALDE, the defendant, knowing that he was an alien illegally and unlawfully in the United States, knowingly did possess in and affecting commerce, a firearm, to wit, a Rossi, Model 685, 38 Special caliber revolver; and ammunition, to wit, 38 Special caliber cartridges, manufactured by Remington Peters, all of which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(g)(5), 924(a)(2), and 2.)

    The bases for my knowledge and for the foregoing charge are, in part, as follows:

    2.   I am a Detective with the NYPD, Firearms Suppression Section, and have been with the NYPD for approximately 23 years.  I have been personally involved in the

1

investigation of this matter.  This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals.  Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise location.

       3.   I have spoken with an NYPD officer ("Officer-1"), who informed me, in substance and in part, of the following:

          a.   On or about December 14, 2015, Officer-1 was on patrol in the 47th Precinct.

          b.   At approximately 11:55 p.m., Officer-1 and her partner ("Officer-2") responded to a radio call indicating gunshots had been fired in the vicinity of a deli (the "Deli") at 942 East Gun Hill Road in Bronx, New York.

          c.   Upon arriving at the Deli, Officer-1 exited her patrol vehicle and approached a group of three individuals (the "Individuals") standing on the sidewalk in front of the Deli.

          d.   Officer-1 spoke with the Individuals, who stated, in sum and substance, and in part, the following:

             i.   An individual later identified as SOULEYMANE BALDE, the defendant, was involved in an argument inside the Deli on the evening of December 14, 2015.  During that altercation, BALDE pointed a firearm at the Individuals before leaving the Deli.

             ii.   Following the altercation, at approximately 11:45 p.m., one of the Individuals ("Individual-1") was seated in a car in front of the Deli on East Gun Hill Road.

             iii.   A tan or gold SUV (the "SUV") pulled up next to Individual-1's car on East Gun Hill Road.  After stopping next to Individual-1's car, BALDE pointed a firearm out of the front passenger side window of the SUV and fired one gunshot into the air.  The SUV then drove off down East Gun Hill Road.

   e. While Officer-1 was speaking to the Individuals in front of the Deli, Officer-1 observed an SUV approaching the corner of Colden Avenue and East Gun Hill Road. The Individuals then informed Officer-1 that the SUV approaching on Colden Avenue was the vehicle from which BALDE had fired the gunshot.

   f. Officer-1 returned to her patrol car and began following the SUV down East Gun Hill Road. Officer-1 and Officer-2 stopped the SUV approximately one block away. Another officer ("Officer-3") arrived in another NYPD vehicle and stopped his vehicle in front of the SUV.

   g. BALDE exited the SUV from the front right passenger door and was apprehended by Officer-3. Following BALDE's arrest, the Individuals identified BALDE as the person who had fired the gunshot from the SUV earlier that evening.

   h. Officer-3 frisked BALDE and discovered four 38 Special caliber cartridges (the "Ammunition") in BALDE's jacket pocket.

   i. Pursuant to a search of the SUV, Officer-1 noticed a firearm (the "Firearm") under the right front passenger seat of the SUV. The Firearm was retrieved from the SUV.

  4. I have reviewed an NYPD Firearms Report, which identifies the Firearm as a Rossi, Model 685, 38 Special caliber revolver; and the Ammunition as 38 Special caliber cartridges, manufactured by Remington Peters.

  5. I have reviewed reports prepared by an ATF Special Agent who is familiar with the manufacturing of firearms. This agent has informed me that Rossi, Model 685, 38 Special caliber revolvers, and the 38 Special caliber cartridges, have never been manufactured in the State of New York.

  6. I have reviewed Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") records related to SOULEYMANE BALDE, the defendant, and have discussed those records with a DHS/ICE Deportation Officer. From those discussions and my review of certain DHS/ICE records, I have learned, among other things, the following:

        a.    BALDE was born in the Ivory Coast and is a citizen of Guinea.

        b.    After attempting to enter the United States on or about March 17, 2006, BALDE was placed in removal hearings as an arriving alien. After several hearings, on or about May 31, 2006, during a proceeding in which BALDE was present with an attorney, BALDE was ordered removed from the United States.

        c.    In connection with his removal, on numerous occasions, BALDE was served with forms from ICE ordering BALDE to comply with his removal and leave the United States. These forms, among other things, directed BALDE to obtain a travel document from his native country. Based on my review of BALDE's immigration file, I have seen that BALDE signed and imprinted his fingerprint on several of these documents, indicating his receipt of these instructions.

        d.    Following numerous appeals, BALDE moved to reopen or reconsider his application for adjustment of immigration status on May 1, 2012. DHS denied BALDE's request for adjustment of immigration status on October 17, 2012, and his 2006 removal order remained valid and in effect. Based on my review of BALDE's immigration file, I have seen that DHS's decision was sent by mail to BALDE's home address, as well as to BALDE's attorney.

        e.    BALDE had no pending appeals of his removal order or pending requests for adjustment of immigration status as of December 2015.

        f.    As a result of the foregoing, in December 2015, BALDE had no lawful immigration status in the United States, and BALDE knew that he had no such status.

WHEREFORE, the deponent respectfully requests that a warrant issue for the arrest of SOULEYMANE BALDE, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

```
                        s/Jama Joseph by KNF, USMJ
                        JAMA JOSEPH
                        Detective
                        New York City Police Department
```

Attested to before me this
21st day of May, 2020 by reliable
electronic means, telephone,
pursuant to Fed. R. Crim. Pro. 4.1.

*Kevin Nathaniel Fox*
_____
THE HONORABLE KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK